**UNITED STATES of America ex rel. William Joseph McGURRIN, Appellant,**

v.

**John P. SHOVLIN, Superintendent, Farview State Hospital, Waymart, Pennsylvania.**

**No. 71–1140.**

United States Court of Appeals, Third Circuit.

Argued Jan. 27, 1972.

Decided March 1, 1972.

Gilbert E. Toll, Philadelphia, Pa., for appellant.

Marx S. Leopold, Gen. Counsel, Commonwealth of Pennsylvania, Dept. of Public Welfare, Harrisburg, Pa. (J. Shane Creamer, Atty. Gen., Harrisburg, Pa., on the brief), for appellee.

Before McLAUGHLIN and VAN DUSEN, Circuit Judges.[1]

## OPINION OF THE COURT

McLAUGHLIN, Circuit Judge.

In 1963, appellant sent threatening letters to the then President of the United States, John F. Kennedy. McGurrin was arrested and confined temporarily to the Lackawanna County Jail, Scranton, Pennsylvania. During that time the United States Marshal for the Middle District of Pennsylvania applied to the Court of Quarter Sessions of Lackawanna County for the appointment of a sanity commission in accordance with the Pennsylvania Mental Health Act, 50 P.S. § 1071, et seq. On September 30, 1963, a commission was so appointed. It determined that McGurrin was mentally ill and recommended that he be committed to a mental institution. On October 8, 1963, the Lackawanna Court committed appellant to the Farview

State Hospital, Waymart, Pennsylvania. Thereafter McGurrin filed several papers with the Lackawanna Court. The latter consolidated the papers and accepted them as a petition for habeas corpus.

The Court in its opinion and order concluded that McGurrin's mental condition did not warrant his release at that time. The Superior Court affirmed that decision, Com. ex rel. McGurrin v. Shovlin, 210 Pa.Super. 295, 231 A.2d 760. On October 9, 1969, the Pennsylvania Supreme Court, 435 Pa. 474, 257 A.2d 902 reversed that holding and directed that a sanity hearing be had within 45 days of the Supreme Court's order and that McGurrin be represented by counsel at said hearing. The hearing was held on November 19, 1969. In accordance with the ruling of the Sanity Commission which recommended petitioner's continued commitment because he was found to be a continued threat to the community and to himself, on January 5, 1970, the original order of commitment was reinstated by the Lackawanna Court of Common Pleas. There was no appeal taken from that order. McGurrin did file a petition for habeas corpus in the United States District Court for the Middle District of Pennsylvania.

That Court held that petitioner's confinement at the Fairview State Hospital was the result of proper proceedings under the Pennsylvania Mental Health Act. The Court affirmatively decided that those proceedings were not a criminal prosecution but "a collateral proceeding to determine the mental health of the person involved, for his benefit or for the benefit of the public or both."

The trial court correctly ruled that Federal due process does not require that the individual be given a jury trial. What is required and was given McGurrin was a statutory hearing on the question of his mental condition. See United States ex rel. Smith v. Baldi, 192 F.2d 540 (3 Cir. 1951), affirmed

[1]. Judge Adams sat during the oral argument in this case but, having recused himself, did not participate in the ultimate determination of this case.

United States Supreme Court, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549 (1953).

The trial judge having reviewed the record in this case concluded "that this petitioner, represented by counsel, was given a fair and adequate hearing and that the requirement of due process of law to which he was entitled under the Federal Constitution was met." He therefore rightly denied the petition for habeas corpus and the judgment of the district court is affirmed.

After going through the dreary task of examining all the material in this tortuous appeal we find that it is the fact that McGurrin has not claimed that he is not afflicted by a mental condition which is dangerous to others and to himself. Before this court he has been and is represented by a court appointed, very competent, high level attorney, searching for something which might be helpful to McGurrin we asked the attorney, what does McGurrin really want? The attorney stated, "to get away from Farview." This request may to some extent be caused by appellant's condition. However, we are satisfied that it is of prime importance to perhaps what might develop into appellant's well being. We realize that it is not easy for the Commonwealth to be moving around even civilly held people but here where this antagonism has gone on from the beginning, almost ten years, it is definitely worth the effort. We would therefore be grateful if the Attorney General would please, in his great kindness and wisdom, see if it is not possible to have appellant placed in some other Commonwealth establishment, with a good staff of professionals who are helping those with such difficult problems as are faced by McGurrin.

The judgment of the district court will be affirmed.